OBENHAUS v. ALLEN et al. (No. 5823.)

(Court of Civil Appeals of Texas. Austin. Nov. 21, 1917.)

1. APPEAL AND ERROR ⟺719(1) — PLEA OF PRIVILEGE—ASSIGNMENT OF ERROR.

Where neither the assignment of error nor the proposition contended that a defendant failed to establish the truth of his plea of privilege, or assailed the verdict for defendant on the ground that the evidence was insufficient to support it, no question was presented on appeal.

2. APPEAL AND ERROR ⟺1005(3)—VERDICT—PLEA OF PRIVILEGE.

Where the evidence upon a plea of privilege was contradictory, its determination was for the jury, which has the exclusive right to pass upon the weight of the testimony and the credibility of the witnesses; and where the trial judge refused to set the verdict aside it is the duty of the Court of Civil Appeals to affirm the judgment.

Appeal from Lee County Court; Jno. H. Tate, Judge.

Suit by G. A. Obenhaus against W. D. Allen and J. A. Adams. Verdict for defendants, and judgment sustaining defendant Allen's plea of privilege and directing a transfer of the cause to the county court of Milam county. Motion for a new trial overruled, and plaintiff appeals. Affirmed.

Wm. O. Bowers, of Giddings, for appellant. E. Simmang, of Giddings, and O. D. Graham, of Thorndale, for appellees.

RICE, J. Appellant brought this suit on the 10th day of April, 1916, against W. D. Allen and J. A. Adams, alleging their residence to be in Milam county. Citation was issued and served upon Allen in Milam county on the 9th of May, 1916. Thereafter, on the 10th of August, plaintiff filed his first amended petition, in which he alleged that at the time of the filing of his original petition, defendant Allen resided in Lee county, but was temporarily out of Lee county, and was in Milam county. Allen filed his plea of privilege, alleging that he resided in Milam county at the time of the institution of this suit. Trial before a jury on the issue thus raised resulted in a verdict in favor of appellees, upon which judgment was entered;

sustaining Allen's plea of privilege, and judgment was entered in accordance therewith, directing said cause to be transferred to the county court of Milam county, from which judgment this appeal is prosecuted.

The only error assigned is that the court erred in overruling appellant's motion for a new trial, and in not setting aside the verdict and judgment rendered and entered, changing the venue of this case to the county court of Milam county, because the burden of proof was upon the defendant Allen to establish the facts alleged in his plea of privilege. His proposition thereunder asserts that, when a defendant files his plea of privilege to be sued in some other county than that in which the suit is brought, the burden is on his to establish the truth of his plea.

[1, 2] Neither the assignment nor the proposition asserts or contends that Allen failed to establish the truth of this plea, or in any way assails the verdict of the jury on the ground that the evidence was insufficient to support it; hence no question is presented thereby for our consideration. But even if this point is waived, and the assignment considered sufficient to assail the verdict, we see no reason to set it aside. There was evidence on the part of appellee, showing and going to show that he resided in Milam county at the time of the institution of the suit, and, while the evidence on the part of appellant strongly contradicts his contention still this was a matter for the jury to determine, they having the exclusive right to pass upon the weight of the testimony and the credibility of the witnesses; and since the trial judge has refused to set it aside, it becomes our duty to affirm the judgment; and it is so ordered.

Affirmed.